[No. 14409.   Department One.   May 9, 1918.]

Julius Johnson, *Appellant*, v. Julius H. Bloedel *et al.*, *Respondents.*[1]

Municipal Corporations—Use of Streets—Collision With Automobile—Contributory Negligence—Instructions. In an action for personal injuries sustained by a pedestrian, struck by an automobile while he was hurrying across a street sixty feet from a crossing, without looking in the direction from which the automobile approached, it is not error to refuse requested instructions that a pedestrian is not bound to stop, look and listen, etc., and that he was not bound to anticipate an automobile coming from the south on the left-hand side of the street, etc., where, by other instructions, the jury were properly instructed as to the law of the road and care required in using the left-hand side of the street, and on the subject of contributory negligence by pedestrians.

Same. In such a case, an instruction that plaintiff could not recover, if it was found that he attempted to run across the street in front of a moving street car, and in so doing failed to use his faculties for his own safety and collided with defendant's car, is not error, when taken in connection with other proper instructions defining contributory negligence.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 24, 1917, upon the verdict of a jury rendered in favor of the defendants, in an action for personal injuries sustained by a pedestrian struck by an automobile.   Affirmed.

*Vanderveer & Cummings,* for appellant.

*Kerr & McCord* and *Peters & Powell,* for respondents.

[1]Reported in 172 Pac. 1171.

WEBSTER, J.—Appellant brought this action to recover damages for injuries sustained by him on account of being struck by an automobile owned and operated by respondents. The facts are these: The appellant, while engaged in delivering milk in the vicinity of Bellevue avenue and Thomas street, in the city of Seattle, left his milk wagon on the east side of Bellevue avenue at a point about seventy feet south of the intersection of Bellevue avenue with Thomas street. Bellevue avenue runs north and south; Thomas street east and west, the former being thirty-six feet in width from curb to curb. A street car track extends along Bellevue avenue, the same being located west of the center line of the street, there being a distance of only ten and one-half feet between the west rail of the car track and the curb on the west side of Bellevue avenue, while the distance on the east side of the car track to the curb on the east side of Bellevue avenue is twenty and one-half feet. Prior to the happening of the accident upon which the action is based, a street car going south on Bellevue avenue crossed Thomas street and slowed down for the purpose of stopping south of the street intersection. An automobile driven by respondents followed in the rear of the street car to the point where the car began to stop after crossing Thomas street, when the driver of the automobile passed to the left of the street car to avoid the passengers who were alighting from the street car on the west side of Bellevue avenue. There were no vehicles or objects in view on the east side of the street when the automobile attempted to pass on the left-hand side of the street car. As the street car slowed down after crossing Thomas street, the appellant left the sidewalk on the west side of Bellevue avenue and started to cross in front of the moving street car, intending to reach his delivery wagon on the opposite side of Bellevue avenue. Be-

fore leaving the sidewalk, he went south a distance of more than twenty-five feet, and after entering the street, followed along the course of and beside the moving street car, passing over the car tracks in front of the street car before it stopped. The point where appellant crossed the car tracks was from sixty to seventy feet south of the street intersection and from four to six feet in front of the moving street car. He says he was in a hurry, "trotting" to and around the front end of the street car, looking ahead and toward the south. He frankly admits that he never looked toward the north, or in the direction of the approaching automobile, from the time he left the west sidewalk on Bellevue avenue. After he had passed in front of the street car and had proceeded six or seven feet beyond the car tracks, he was struck and injured by respondents' automobile.

At the close of the plaintiff's case, defendants' motion for nonsuit was overruled, and thereafter the cause was submitted to the jury, which returned a verdict for the defendants. From a judgment entered thereon, the plaintiff has appealed. The only errors assigned relate to the refusal of the court to give two instructions requested by appellant, and the giving of one instruction which was excepted to by appellant. The instructions requested and not given were as follows:

"I instruct you, members of the jury, that a pedestrian in crossing a city street is not bound to stop, look and listen, but is bound only to use ordinary care, and what is ordinary care, depends upon the circumstances of the case."

"I instruct you that the plaintiff was not bound, as a matter of law, to anticipate an automobile or other vehicle coming south on the left-hand side of the street. There are certain rules, or laws of the road, reliance upon which becomes instinctive, and one of these is

that vehicles will run upon the right-hand side of the street. If, therefore, you should find the fact to be that the plaintiff in this case passed in front of the street car and onto the east side of Bellevue avenue, without first looking to the left for an approaching vehicle, then I instruct you the plaintiff would not, as a matter of law, be guilty of negligence; but whether or not the plaintiff was, in fact guilty of negligence in so doing would be for you to determine from all of the circumstances of the case.''

It is urged by appellant that the failure to give these requested instructions constitutes reversible error under the rule laid down by this court in *Mickelson v. Fischer,* 81 Wash. 423, 142 Pac. 1160, and cases there cited. In that case, instructions similar to the requests made by appellant in this case were given, which was held not error as applied to the facts there presented. But it does not follow that the refusal to give the instructions requested is reversible error, where the law as applied to the facts of this case was elsewhere properly defined in the court's instructions to the jury.

. With respect to the use of the street by defendants' automobile and the duty arising therefrom, the jury were instructed as follows:

''I instruct you that there is, arising from usage and custom, what is known as the law of the road, which requires the driver of automobiles traveling upon a continuously used street or highway to keep upon the right-hand side of such street or highway in the direction in which they are traveling. While this rule is not inflexible, and one may use what is to him the left-hand side of the road, he cannot do so if his conduct in so doing will be a source of danger to others; and if he does use the left-hand side of the road he must always exercise a degree of care commensurate with his position.''

· And with respect to the duty devolving upon appellant, the court gave the following instruction which is assigned as error by the appellant:

"You are instructed that it is the duty of a pedestrian, in attempting to cross a street in front of a street car, and at a point other than the street intersection, to reasonably exercise for his personal safety the faculties with which he is endowed by nature for self preservation, and if he fails to do so and is by reason of such failure injured, he has at least contributed to his injury by his own negligence and cannot legally recover for such injuries. As applied to this case, if you find from the evidence that plaintiff attempted to run across the street in front of a moving street car, and that in so doing he failed and neglected to use his faculties for his own safety, and that by reason thereof he collided with defendants' car and was injured, I instruct you he cannot recover for injuries so received."

And the following instruction, upon which error is not based:

"You are further instructed that the defendants have set up the defense of contributory negligence, and it will devolve upon them to prove the same, if they are to prevail thereunder, by a preponderance of the evidence, as that term has been hereinbefore defined. A person is guilty of contributory negligence when he does something which an ordinarily careful person would not do under the circumstances and conditions of a given case, or when he fails to take such precautions for his own safety as an ordinarily prudent person would take under the same circumstances and conditions. And it makes no difference in this connection whether you find the defendants were guilty of negligence as charged in the complaint, if you find the plaintiff was also guilty of negligence. Therefore, if you should be satisfied by a preponderance of the evidence that the injury to the plaintiff, Julius Johnson, if any, was caused through the negligence of the defendants' chauffeur, as set forth in the complaint, but that the plaintiff, Julius Johnson, failed to use such care as a sensible, prudent person would have used under like circumstances, and that plaintiff failed to take such precaution for his own safety as an ordinarily prudent person would have taken under like or similar circum-

stances, and that his negligence and carelessness in failing to take such reasonable precautions for his own safety was the proximate cause of, and that he himself contributed to such injury and was thus guilty of contributory negligence on his part, notwithstanding the negligence of the defendants, if any is shown, that would be a defense and your verdict must be for the defendants.''

The giving of the instruction complained of was not error, when considered in connection with the other instructions defining contributory negligence and the law as applicable to the facts of the case. It is based upon appellant's own testimony wherein he admits that he hurried into the street, approximately sixty feet from the street intersection, ran or ''trotted'' across the car tracks only a few feet in front of a moving street car without looking in the direction from which the automobile was approaching. Under such circumstances we are of the opinion that the instructions given were as fair to the plaintiff as the facts would justify, and that the failure to give the requested instructions, under the facts of the case, taking into consideration the width of the street, the location of the car tracks thereon, the traffic conditions disclosed by the evidence, and the conduct of the plaintiff at the time he received the injury, was not error requiring a reversal of the judgment.

Moreover, assuming the facts to be as stated by the appellant, it is difficult to conceive how any other verdict could be sustained. The judgment is therefore affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.